**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DARIEL W. LANEY,

    Petitioner,

v.                                                                                    Case No. 8:22-cv-1179-CEH-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida prisoner, initiated this action by filing a Petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response opposing the Petition (Doc. 8), to which Petitioner replied (Doc. 14).[1] Upon consideration, the Petition will be denied.

**I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

A jury found Petitioner guilty of aggravated assault on a law enforcement officer with a deadly weapon (Count 1), fleeing or attempting to elude (Count 2), resisting an officer without violence (Count 3), and driving while license suspended or revoked

---

[1] In his reply, Petitioner moves the Court to take judicial notice that Respondent has an unfair advantage over him in this proceeding because Respondent is represented by legal counsel while Petitioner is proceeding *pro se*. This is not a proper subject of judicial notice because it is not capable of accurate and ready determination. *See* Fed.R.Evid. 201(b). However, the Eleventh Circuit recognizes that federal courts "do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1

(Count 4) (Doc. 10-2, Ex. 1 at 56).[2] The trial court sentenced Petitioner to 15 years on Count 1, 5 years on Count 2 (consecutive to Count 1), and time served on Counts 3 and 4 (*Id.*, Ex. 1 at 111-17). His convictions and sentences were affirmed on appeal (*Id.*, Ex. 4).

Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., asserting six claims of ineffective assistance of trial counsel (*Id.*, Ex. 8 at 558-95). The state post-conviction court denied the Rule 3.850 motion (*Id.*, Ex. 8 at 597-99; 710). The denial of the Rule 3.850 motion was affirmed on appeal (*Id.*, Ex. 11).

Petitioner filed his federal habeas Petition in this Court (Doc. 1), alleging six grounds of ineffective assistance of trial counsel.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)

---

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

2

(recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

## A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

3

244 F.3d 831, 835 (11th Cir. 2001). If the federal court concludes that the state court misapplied federal law, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, a determination of a factual issue made by a state court shall be presumed correct, and the habeas Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Exhaustion and Procedural Default**

The writ of habeas corpus cannot be granted unless the Petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a Petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). Moreover, to properly exhaust a claim, "the [Petitioner] must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

Under the procedural default doctrine, a claim raised in a federal habeas Petition is barred from review if the claim was not properly raised in state court and "the court to which the Petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a Petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**C. Ineffective Assistance of Counsel**

Petitioner alleges ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires showing deficient performance by counsel and resulting prejudice. *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Petitioner must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

5

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III. ANALYSIS

*Ground One: Petitioners (sic) Sixth Amendment Rights Were Violated (sic) Defendant states a valid claim that counsel was constitutionally ineffective for failing to present defendant's theory of defense to his jury that defendant did not have any intent to harm Officer David Smith; counsels (sic) failure to present defendant's theory of defense of reckless driving under Florida Statute 316.192(l)(A) 2011 is a permissive lesser included offense of aggravated assault with a deadly weapon where a "motor vehicle is the deadly weapon" and where the state's information clearly demonstrates that defendant was "driving the motor vehicle" in violation of defendants (sic) 6th and 14th Amendment rights to the United States Constitution. (Doc. 1 at docket pp. 5-6).*

Petitioner contends that counsel was ineffective in failing to request a jury instruction on reckless driving as a lesser included offense of aggravated assault of a law enforcement officer with a weapon.

"Upon request, '[a] trial court must give a jury instruction on a permissive lesser-included offense if: (1) the indictment or information alleges all the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of those elements.'" *McCloud v. State*, 60 So. 3d 1094, 1095–96 (4th DCA 2011 (quoting *Bordes v. State*, 34 So. 3d 215, 216 (Fla. 4th DCA 2010)). "An instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." *Williams v. State*, 957 So.2d 595, 599 (Fla. 2007).

In state court, Petitioner raised this claim in Issue One of his Rule 3.850 motion (Doc. 10-2, Ex. 8 at 562-69). In denying the claim, the state post-conviction court

stated:

> In claim 1, Defendant argues that trial counsel was ineffective for failing to argue the lesser included offense of Reckless Driving. The State responds that trial counsel's theory of the case was that the Defendant was not behind wheel. To argue that the Defendant was guilty only of reckless driving would have placed him behind the wheel and driving toward the officer. Additionally, the State points out that the Defendant never stated that he gave counsel permission to concede guilt as to reckless driving.

(*Id.*, Ex. 8 at 710). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 11).

The state court's denial of this claim was reasonable. Petitioner's theory of defense was that he was not the vehicle's driver (*Id.*, Ex. 1a at 448-64). Counsel was not ineffective in failing to request a reckless driving instruction when the instruction would have been inconsistent with the defense's theory of the case. *See Hunt v. Comm'r, Ala. Dep't of Corr.*, 666 F.3d 708, 726–27 (11th Cir. 2012). And even assuming counsel was deficient in failing to request the instruction, Petitioner has shown no prejudice.

Florida law requires a jury to "render a true verdict according to the law and the evidence." *Sanders v. State*, 946 So. 2d 953, 958 (Fla. 2006). Thus, a jury may convict of a lesser-included offense "only if it decide[s] that the main accusation has not been proved beyond a reasonable doubt." *Id*. Indeed, the jury in this case was instructed that if it "return[ed] a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt." (Doc. 10-2, Ex. 1a at 484). The Court must assume that the jury followed this instruction. *See Strickland*, 466 U.S. at 694 ("[A] court should presume, absent challenge to the judgment on grounds of

evidentiary insufficiency, that the judge or jury acted according to law."). As just noted, the jury found Petitioner guilty of aggravated assault on a law enforcement officer (*Id.*, Ex. 1a at 496). Accordingly, "even if the lesser-offense instruction [] had been given, the jury would not have been permitted to convict [Petitioner] of the lesser-included offense [] [of reckless driving] because it had concluded that the evidence established that he was guilty of the greater offense []" of aggravated assault on a law enforcement officer. *Crapser v. Sec'y, Dep't of Corr.*, 855 F. App'x 626, 628 (11th Cir. 2021).

At bottom, Petitioner's "assertion of prejudice depends...on the possibility of a jury pardon—that is, that the jury would have disregarded its oath and violated its instructions by acquitting him of the greater offense and convicting him of a lesser one even though the evidence supported both crimes." *Id*. "The possibility of a jury pardon, however, cannot establish prejudice under *Strickland*." *Thornton v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 2073685, at *9 (M.D. Fla. May 24, 2021); *see also Santiago v. Sec'y, Fla. Dep't of Corr.*, 472 F. App'x 888, 889 (11th Cir. 2012) ("The jury in [Petitioner's] trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict [Petitioner] of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses.").

The state court's decision to deny Petitioner's ineffective assistance of counsel claim for failing to request a reckless driving instruction is neither contrary to nor an

8

unreasonable application of clearly established federal law. Also, the state court's decision did not rely on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Ground One warrants no relief.

*Issue Two: Counsel was constitutionally ineffective for (1) failing to argue that evidence was insufficient to support the conviction for fleeing to elude in violation of Florida Statute 316.1935(2) where counsel failed to argue evidence that the law enforcement officer was in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with sirens and lights activated, and (2) counsels (sic) failure to present defendants (sic) theory of defense of reckless driving under Florida Statute 316.192(l)(A) 2011 is a permissive lesser included offense of fleeing to elude a law enforcement officer in violation of defendants 6th and 14th Amendment rights to the United States Constitution. (Doc. 1 at docket pp. 7-8).*

Petitioner contends that his conviction for fleeing to elude a law enforcement officer should be overturned because counsel was ineffective in failing to argue that there was insufficient evidence supporting the conviction. He argues that the State failed to prove that Officer Smith was in a marked vehicle with the lights flashing and that the vehicle Officer Smith was pursuing was the same vehicle Officer Smith found Petitioner in, which was initially stuck in a field. He also contends that counsel was ineffective in failing to present his theory of defense of reckless driving, a lesser included offense of fleeing to elude.

In state court, Petitioner raised a similar claim in Issue Two of his Rule 3.850 motion (Doc. 10-2, Ex. 8 at 569-75). There, Petitioner asserted that counsel was ineffective in failing to argue that Officer Smith's testimony alone was insufficient to prove he was in a law enforcement vehicle with jurisdictional markings prominently displayed and with the sirens and lights activated (*Id.*, Ex. 8 at 570-73). He argued that

9

Florida law requires more evidence than just the officer's testimony to prove those facts (*Id.*). He did not assert that there was no evidence proving the vehicle Officer Smith was chasing was the same vehicle in which Officer Smith found Petitioner (*Id.*). Finally, he asserted that there was evidence to support an instruction on both reckless driving and disobedience to police (*Id.*, Ex. 8 at 573-74).

In denying the claim, the state post-conviction court stated:

In claim 2, Defendant agues (sic) that trial counsel was ineffective for failing to argue that there was insufficient evidence to support Fleeing to Elude. Defendant argues that there was no video to establish that the police vehicle was appropriately marked. The Court finds that there is no requirement for the State to introduce a video. Officer Smith testified that the vehicle contained the required identifying information and that his lights were activated. Transcript at 163: 165-166. Claim 2 is DENIED.

(*Id.*, Ex. 8 at 597). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 11).

The state post-conviction court has answered the question of what would have happened had counsel moved for a judgment of acquittal based on the argument that there was insufficient evidence under Florida law that Officer Smith was in a law enforcement vehicle with jurisdictional markings prominently displayed and with the sirens and lights activated—the motion would have been denied. Thus, Petitioner has failed to establish deficient performance or prejudice concerning this claim. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (Alabama Court of Criminal Appeals had answered the question of what would have happened had counsel objected to the introduction of Petitioner's statements based on state decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing

10

to make that objection).

In Florida, to prove the crime of fleeing to elude a law enforcement officer, the State must prove four elements, including that "the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with the lights and sirens activated[.]" *Owens v. State*, 261 So. 3d 585, 589 n.1 (Fla. 4th DCA 2018) (citing Fla. Std. Jury Instr. (Crim.) 28.8). Officer Smith testified that when he stopped Petitioner, his vehicle was a white "SUV" that was clearly marked with "Haines City Police Department" and had "lights and sirens" that were "activated." (Doc. 10-2, Ex. 1a at 291-94). Petitioner, therefore, fails to establish that counsel rendered deficient performance in failing to argue that there was insufficient evidence that Officer Smith's vehicle was clearly marked as a law enforcement vehicle with its lights and sirens activated. Thus, Petitioner fails to demonstrate that the state courts' resolution of this claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts.

Petitioner also contends that counsel was ineffective in failing to argue that there was no proof that the vehicle in which Officer Smith found Petitioner was the same vehicle Officer Smith was pursuing because Officer Smith testified that he lost sight of the fleeing vehicle at some point. This claim fails for two reasons. First, the claim is procedurally barred from review. Petitioner never presented this claim to the state courts, and state procedural rules bar him from returning to state court to exhaust his claim. *See* Rule 3.850, Fla.R.Crim.P. (proscribing successive and untimely motions).

Second, the claim lacks merit. Officer Smith testified that the vehicle he had stopped for a traffic violation was the same vehicle that attempted to drive off but got stuck in a field. And Officer Smith saw Petitioner in the vehicle while stuck in the field before it fled the scene (*Id.*, Ex. 1a at 290-301). Thus, counsel was not deficient in failing to argue that there was no evidence that Petitioner was in the vehicle that was fleeing and eluding Officer Smith. *See State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003) ("In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the fact finder might fairly infer from the evidence.").

Finally, to the extent that Petitioner contends counsel denied him his theory of defense of reckless driving, the contention is denied by the record. Counsel requested, and the jury was instructed regarding the lesser included offenses, including reckless driving (*Id.*, Ex. 1a at 424, 475-76). And the jury was instructed on the meaning of "reckless driving." (*Id.*, Ex. 1a at 479). Thus, as the above excerpts reveal, the jury had an opportunity to find Petitioner guilty of the lesser included offense of reckless driving from the main charge of fleeing to elude. Counsel, therefore, was not deficient. Accordingly, Issue Two warrants no relief.

*Issue Three: Defendant states a valid claim that counsel was constitutionally ineffective for failing to (1) investigate defendant's case and (2) call an exculpatory defense witness Mrs. Jennifer L. Petito, who was present at defendant's trial, and would have testified that Officer Smith stated to her at the hospital where this witness was being treated for dog bites, after her arrest by Officer Smith with his K9 partner in an unrelated charge where Officer Smith states, "I know that boy wasn't trying to hit me" "I'm sure he was just trying to get away from me" defendant states that the failure to call this witness was in violation of defendants (sic) 6th and 14th Amendment rights to the United States Constitution. (Doc. 1 at docket pp. 9-10).*

Petitioner contends that counsel was ineffective in failing to call Jennifer Petitio as a witness. He asserts Petito would have testified that after Officer Smith arrested her, he said to her, "I know [Petitioner] wasn't trying to hit me" and "I'm sure he was just trying to get away from me." He argues that had Petito testified to what Officer Smith said, he would have been acquitted of the charge of aggravated assault on a law enforcement officer because the statements would have proved Petitioner did not intend to hit Officer Smith with his vehicle.

In state court, Petitioner raised this claim in Issue Three of his Rule 3.850 motion (Doc. 10-2, Ex. 8 at 575-81). In denying the claim, the state post-conviction court stated:

> In count 3, Defendant argues that trial counsel was ineffective for failing to call Jennifer Petito as a witness. She would have testified that Officer Smith told her that he did not believe the Defendant was trying to hit him with the vehicle. The State argues that such testimony would constitute inadmissible hearsay and would not lead to an acquittal.

After review of the State's response, incorporated herein, the Court agrees. (*Id.*, Ex. 8 at 710). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex.11).

The state court's denial of this claim was reasonable. Counsel's failure to call Petitio was not ineffective assistance of counsel because no prejudice has been demonstrated. The state post-conviction court determined Petito's proposed testimony would have been inadmissible as hearsay. *See, e.g.*, *Smith v. Sec'y, Dep't of Corr.*, 2020 WL 1451680, at *23 (M.D. Fla. Mar. 25, 2020) ("Counsel cannot be ineffective for failing to call witnesses whose proposed testimony is inadmissible hearsay."); *Floyd v.*

13

*Griffith*, 2016 WL 199078, at *12 (E.D. Mo. Jan. 15, 2016) ("Counsel cannot be said to be ineffective for failing to call a witness whose testimony was inadmissible."); *Crawford v. United States*, 2010 WL 3910102, at *7 (E.D. Pa. Oct. 4, 2010) ("[C]ounsel cannot be expected to present witnesses whose testimony is inadmissible[.]"). And if there was no Sixth Amendment violation from counsel's failure to call Petito as a witness, then it follows that there can be no violation for failing to investigate Petito.

The state court's rejection of this claim was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard. Nor was the decision based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on Issue Three.

*Issue Four: Counsel was constitutionally ineffective for failing to argue that the jury in his case did not specifically make a finding that the aggravated assault was committed with deadly weapon thus inflaming the jury's mind and rendering an inconsistent verdict in violation of defendant's 6th and 14th Amendment rights to the United Sates (sic) Constitution. (Doc. 1 at docket p. 11).*

Petitioner contends that counsel was ineffective in failing to argue that the jury failed to make a specific finding that the aggravated assault on Officer Smith was made with a deadly weapon.

In state court, Petitioner raised this claim in Issue Four of his Rule 3.850 motion (Doc. 10-2, Ex. 8 at 581-86). In denying the claim, the state post-conviction court stated:

> In claim 4, Defendant argues that the jury was not required to make a finding that he used a deadly weapon. In Count 1, Defendant was charged with Aggravated Assault on a Law Enforcement Officer (Deadly Weapon). *See* Information. The jury was instructed that a deadly weapon was an element of the crime. *See* jury instruction. The jury found the

14

> Defendant guilty as charged as to count 1. *See* verdict. The jury did determine that the Defendant used a deadly weapon. Claim 4 is DENIED.

(*Id.*, Ex. 8 at 598). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 11).

The state court's denial of this claim was reasonable. The record reveals that the jury found Petitioner used a deadly weapon.

The record shows that the jury properly convicted Petitioner of aggravated assault on a law enforcement officer based on his use of a deadly weapon. The written jury form stated that "The Defendant is guilty of Aggravated Assault on Law Enforcement Officer." (*Id.*, Ex. 1 at 56). The Information charged that Petitioner "did commit the assault with a MOTOR VEHICLE, a deadly weapon . . . ." (*Id.*, Ex. 1 at 15). The trial court instructed the jury that to find Petitioner guilty of aggravated assault on a law enforcement officer, they must find beyond a reasonable doubt that "[t]he assault was made with a deadly weapon." (*Id.*, Ex. 1 at 36; Ex. 1a at 470). The court also instructed the jury on the meaning of the term "deadly weapon." (*Id.*, Ex. 1 at 36; Ex. 1a at 470). This Court must presume that the jury followed the trial court's instructions. *See, e.g.*, *United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993) ("Few tenets are more fundamental to our jury trial system than the presumption that juries obey the court's instructions."). Following the trial court's instructions, the jury could not have convicted Petitioner of aggravated assault on a law enforcement officer without finding that he had used a deadly weapon. Because the jury found Petitioner used a deadly weapon, he could not have been prejudiced by counsel's failure to object.

15

Petitioner has not shown that the state court's denial of this claim was contrary to or an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Issue Four, therefore, warrants no relief.

*Issue Five: Counsel was constitutionally ineffective for failing to file a proper judgment of acquittal and argue that evidence was insufficient to support the conviction for aggravated assault on a law enforcement officer with a deadly weapon (Motor Vehicle) where counsel only moved for acquittal for resisting officer without violence in violation of Florida Statute §843.02 which is a misdemeanor and where counsel filed only a Boilerplate motion for judgment of acquittal; further failing to argue a judgment of acquittal that the evidence was insufficient to establish that the law enforcement officer was in a (sic) authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with sirens and lights activated and failing to argue that the evidence was insufficient to support the conviction for aggravated assault on a law enforcement officer with a deadly weapon (motor vehicle) in violation of defendants (sic) 6th and 14th Amendment Rights to the United States Constitution. (Doc. 1 at docket pp. 12-13).*

*Issue Six: Counsel was constitutionally ineffective for failing to file a proper judgment of acquittal and argue that evidence was insufficient to support the conviction for fleeing to elude in violation of Florida Statute 316.1935 (2) where counsel failed to argue evidence that law enforcement officer was in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with sirens and lights activated in violation of defendants (sic) 6th and 14th Amendment rights to the United States Constitution. (Doc. 1 at docket p. 14).*

After the State rested its case, defense counsel moved for a judgment of acquittal solely on the charge of resisting an officer without violence (Doc. 10-2, ex. 1a at 395-99). Petitioner contends that counsel was ineffective in failing to move for a judgment of acquittal on the charges of aggravated assault on a law enforcement officer with a deadly weapon (Issue Five) and fleeing to elude (Issue Six). As to both charges, Petitioner asserts that counsel should have argued that the evidence was insufficient to establish that Officer Smith was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle

16

and with the sirens and lights activated.

In state court, Petitioner raised these claims in Issues Five and Six of his Rule 3.850 motion (Doc. 10-2, Ex. 8 at 586-93). In denying the claims, the state post-conviction court stated:

> In claim 5, Defendant argues that trial counsel failed to file a motion for judgment of acquittal as [to] aggravated assault. The Court finds that even if a motion had been filed, the Defendant would not have been acquitted as to this charge. The State presented evidence that the Defendant accelerated in the direction of the officer, the officer was in fear for his life, and the officer had to dive out of the way of the vehicle. Transcript at 171. The evidence was sufficient to support a conviction for aggravated assault. Claim 5 is DENIED.
>
> In claim 6, Defendant argues that trial counsel was ineffective for failing to file a motion for judgment of acquittal as to fleeing to elude. The Court finds that even if a motion had been filed or argued, the Defendant would not have prevailed. The Court previously determined in claim 2 that the vehicle was properly marked. Claim 6 is DENIED.

(*Id.*, Ex. 8 at 598). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 11).

The state court's denial of these claims was reasonable. Petitioner cannot show that his counsel acted deficiently as required by *Strickland*. As discussed above in Issue Two, Officer Smith testified that his SUV was clearly marked with "Haines City Police Department" and the lights and sirens were activated. (*See* Doc. 10-2, Ex. 1a at 291-94). And it is established in Florida that evidence showing a defendant attempted to hit an officer with a vehicle, and the officer had to jump out of the way to avoid the vehicle, is sufficient to sustain a conviction for aggravated assault on a law enforcement officer. *See Mitchell v. State*, 611 So. 2d 1269, 1269 (Fla. 3d DCA 1992)

17

(finding meritless defendant's argument that trial court erred in denying his motion for judgment of acquittal on charge of aggravated assault on a law enforcement officer when officer testified that had he not jumped out of the way, defendant would have struck him with the car which the defendant was driving directly at him). Officer Smith testified that after he approached Petitioner's vehicle and ordered the driver to stop and exit the vehicle, the vehicle at first drove in reverse but then accelerated forward straight at him. He feared for his life as he dove out of the way of the vehicle (*See* Doc. 10-2, Ex. 1a at 297-99). Thus, any argument that the vehicle was not properly marked, and no lights or sirens were activated, or that there was insufficient evidence to support a conviction for aggravated assault on a law enforcement officer, would have been meritless.

Counsel cannot be considered deficient for failing to raise a meritless argument. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Under these circumstances, Petitioner fails to show that his counsel's performance was deficient for failing to move for a judgment of acquittal. Neither has he demonstrated prejudice, because he has not shown that such a motion would have been granted.

Petitioner fails to establish that the state court's denial of these claims was either contrary to *Strickland* or based on an unreasonable determination of the facts. Issues Five and Six are therefore denied.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court is directed to enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
　　　　　　Counsel of Record